### In re Dennis HERULA, Debtor.

#### No. 02–14356.

United States Bankruptcy Court, D. Rhode Island.

April 14, 2003.

Dennis Herula, Tiburon, CA, pro se.

## ORDER TO SHOW CAUSE WHY OR-DER GRANTING RELIEF FROM STAY SHOULD NOT BE VACATED

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Between September 2001 and January 2002 Trust Deed Investments, Inc. (hereinafter "TDI"), loaned Dennis Herula and his wife, Mary Lee Herula (Capalbo) the principal sum of $2,495,000 under three promissory notes. The notes were secured by three separate deeds of trust on the Herulas' real property located at 95 Spring Lane, Tiburon, California. On January 10, 2003, TDI sought relief from the automatic stay to foreclose its security interests, alleging it was owed $2,686,955 under the three notes. *See* Document Nos. 36 & 37. In its request for relief from stay, TDI argued that given the value of the real estate at $4 million and considering the junior lien holders, including Malcolm Monlezun who is owed $1,138,000 under a fourth deed of trust, and the costs of sale, there is no equity in the property for the estate. *Id.* On February 5, 2003, the Chapter 7 Trustee and TDI filed a stipulation which was approved by the Court, allowing the Trustee 45 days to market the Tiburon property, and also, if the property did not sell within that period, TDI could file an affidavit of non-compliance and receive relief from stay for cause under 11 U.S.C. § 362(d)(1) without further hearing. *See* Document No. 50. On March 19, 2003, TDI filed an affidavit saying that the property had not sold in the time allowed, *see* Document No. 62; and on April 7, 2003, the Trustee filed a written position agreeing that TDI was entitled to relief from stay. *See* Document No. 69. On April 8, 2003, I entered an Order granting TDI relief from stay, under the assumption that the estate would realize little if anything from the sale of this property. *See* Document No. 72.

On April 11, 2003, a hearing was held on fourth lienholder Malcolm Monlezun's Emergency Motion for relief from stay. During the hearing the Court learned for the first time that the Trustee seriously disputes the validity of Monlezun's fourth deed of trust, and that he plans to file an adversary proceeding to avoid Herulas' conveyance to Monlezun as a fraudulent conveyance under 11 U.S.C. § 548. After a truncated relief from stay hearing (*see Grella v. Salem Five Cent Savs. Bank*, 42 F.3d 26 (1st Cir.1994)), I found that the Trustee has a colorable claim under Section 548, and that to grant Monlezun relief from stay at this time would be prejudicial to the estate. Monlezun and the Trustee agree that a maximum sale price for the real estate is their common goal and that they can litigate over any proceeds that remain after the sale of the property and payment to TDI on its first three deeds of trust.

Given this turn of events, i.e., the substantial (potential) interest of the estate in the Tiburon property, and the fairly significant equity cushion enjoyed by TDI, it appears that allowing TDI to commence foreclosure proceedings *at this time* would be a mistake, in light of the evidence adduced at the hearing on April 11, 2003. Accordingly, TDI and the Chapter 7 Trustee are **ORDERED TO APPEAR on Thursday, April 17, 2003, at 9:30 a.m.** at the United States Bankruptcy Court, District of Rhode Island, 380 Westminster Mall, 6th Floor, Providence, Rhode Island, to show cause why: (1) the Endorsement Order entered on February 19, 2003, approving the Stipulation between the Trustee and TDI (Document No. 50); and (2) the Order entered on April 8, 2003, granting TDI relief from stay (Document No. 72) should not be vacated or modified to prevent foreclosure of the subject property

until the issue of the validity of Monlezun's alleged security interest is determined.